UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| RICHARD LEE SPRINGER,<br><br>                   Plaintiff,<br><br>  vs.<br><br>ANDREW SAUL, COMMISSIONER OF SOCIAL SECURITY;<br><br>                   Defendant. | 4:19-CV-04030-VLD<br><br>ORDER<br>GRANTING PLAINTIFF'S MOTIONS<br>FOR ATTORNEY'S FEES AND COSTS<br><br>DOCKET NOS. 26 & 28 |

## INTRODUCTION

Following the court's order remanding this case to the Social Security Agency for further consideration, plaintiff Richard Lee Springer was awarded past due disability benefits. His lawyer, Mr. Steven Pfeiffer, filed a motion and supplemental motion for an award of attorney's fees, expenses, and costs. See Docket Nos. 26 & 28. The Commissioner does not object. See Docket No. 30.

## FACTS

Previously, Mr. Springer appealed to this court the Commissioner's denial of disability benefits to him under Title II of the Social Security Act. See Docket No. 1. Mr. Springer's appeal presented three main issues with four sub-issues for the court's determination. See Docket No. 20 at pp. 34-35. The court reversed and remanded for reconsideration by the agency on several of the issues raised. Id. at p. 88.

After receiving an order of remand, Mr. Springer applied for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), as a prevailing party.  See Docket No. 22.  The court awarded Mr. Springer $5,321.40 in EAJA attorney's fees.  See Docket No. 25.

Upon remand, the agency granted Mr. Springer's application for Title II disability benefits and awarded past due benefits of $62,728.00.  See Docket No. 28 at p. 1.  Mr. Springer's fee agreement with the lawyer who represented him before this court, Steven Pfeiffer, provided Mr. Springer would pay Mr. Pfeiffer 25 percent of any past-due benefits received, plus any court-awarded EAJA fees, provided the EAJA fees may reduce the amount Mr. Springer would pay out of any past-due benefits and in no case would attorney fees exceed 25 percent of past-due benefits.  See Docket No. 28-2.

Counsel for Mr. Springer now moves for the entry of an award of benefits out of Mr. Springer's past due benefits of $9,682.00.  See Docket No. 28 at p. 1.  Counsel for Mr. Springer represents that he will either return the previously awarded EAJA fee to his client or he will credit that EAJA fee against the requested $9,682.00 fee and the attorney will keep only the net amount ($4,360.60) for himself.  Id.  Counsel has filed documentation with the court indicating he spent 27.15 hours on work for Mr. Springer before this court.  See Docket No. 28-3.  The fee of $9,682.00 award requested amounts to an hourly fee of $356 per hour.  See Docket No. 28.

Mr. Springer's counsel's requested fee of $9,682.00, plus $6,000 set aside for Mr. Springer's counsel at the administrative level, equals $15,682.00,

2

which represents a total fee of 25 percent from Mr. Springer's award of past-due benefits for both the district-court and agency-level attorneys' fees.  The Commissioner does not object to Mr. Springer's motion.  See Docket No. 30.  However, the Commissioner asks the court to make an independent decision regarding the reasonability of the award.  Id.

## DISCUSSION

Mr. Pfeiffer's motion is made pursuant to 42 U.S.C. § 406(b)(1).  This statute expressly provides for the payment of "reasonable" attorney's fees in Social Security disability cases, not to exceed 25 percent of the total past-due benefits to which the claimant is entitled by reason of such judgment.  Id.

Under 42 U.S.C. § 406(b)(1), the court is to review fee arrangements to assure that the agreement between the attorney and the claimant yields a reasonable result.  Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002).  The Gisbrecht decision rejected the argument previously accepted by some courts of appeal (including the Eighth Circuit in Cotter v. Bowen, 879 F.2d 359 (8th Cir. 1989)) that the "a reasonable fee . . ." language within § 406(b) could be construed to allow for the lodestar approach to be used to determine the allowable fee even if the agreement provided for payment of a fee not in excess of 25 percent of past-due benefits.  Gisbrecht, 535 U.S. at 807.  In Gisbrecht, the Court explained that § 406(b) "does not displace contingent fee agreements within the statutory ceiling; instead § 406(b) instructs courts to review for reasonableness fees yielded by those agreements."  Id. at 808-09.

3

In Gisbrecht the Court noted that it was "characteristic" for social security claimants to enter into contingency fee agreements with their attorneys specifying that the fee would be 25 percent of any past-due benefits to which the claimant becomes entitled. Id. at 803. Such contingent fee agreements are common in many different types of litigation. Id. The requirement that the contingent fee under § 406(b) must be "reasonable" and not more than 25 percent was built into the statute to provide court oversight and to protect the claimant against "inordinately large fees." Id. at 805.

The Court instructed that § 406(b) was intended to be an "independent check" upon the contingent fee agreement to assure it yields a reasonable result in particular cases. Gisbrecht, 535 U.S. at 807. Congress provided only one boundary line—agreements are unenforceable to the extent they provide for fees in excess of 25 percent of past-due benefits. Id. Within that one boundary, the attorney for the successful claimant must show the fee he or she seeks is reasonable. Id.

The Court explained it may be appropriate to reduce the fee "based on the character of the representation and the results the representative achieved." Id. at 808. For example, if the attorney is responsible for delay, causing the past-due benefits to accumulate, a reduction of the fee may be in order. Id. Likewise, if the benefits are large in comparison to the amount of time the counsel spent on the case, a downward adjustment may be appropriate. Id. Additionally, the court being asked to approve the fee request may ask the attorney to submit a time sheet and a statement of the lawyer's

4

normal hourly billing rate to assist in evaluating the reasonableness of the fee yielded by the agreement. Id.

Here, Mr. Springer's counsel has explained that his usual hourly rate for non-contingent fee work is $275 per hour. Docket No. 28 at p. 2. In social security disability cases, counsel represents clients on a contingent fee basis of 25 percent of past-due benefits. Id. When a contingent fee case is won, he expects to receive more than his regular hourly rate in order to compensate for the risk of non-recovery in taking a social security case which has already been denied at the administrative level. Id.

Attorney Pfeiffer's fee agreement with Mr. Springer is attached to his motion as Docket 28-2. It provides for a 25 percent of past-due benefits contingent fee. Id. The agreement explains that the fee could amount to several hundred dollars per hour on an hourly basis. Id. The agreement also explains that *usually* all of the attorney fees are paid from past-due benefits, but sometimes the court orders the government to pay a portion of the attorney fees pursuant to the EAJA. When part of the fees are paid by the EAJA, the agreement explains, it might mean less attorney fees would be paid from Mr. Springer's past-due benefits. Id.

On the other hand, the agreement explains, it could work out that the attorney will receive the 25% fee in addition to part or all of the EAJA payment. Id. But, the agreement provides, in no case will the fees that come out of Mr. Springer's past-due benefits exceed 25 percent (including the fee paid for the work that occurred on his case before the SSA). Id. The agreement also

5

specifies that it is in addition to the agreement Mr. Springer entered into with the attorney who represented him before the SSA.  Id.

The amount Attorney Pfeiffer requests in his motion ($9,682.00), based upon the hours he worked on the case (27.15), calculates out to $356 per hour.  This is approximately 1.29 times Attorney Pfeiffer's normal hourly rate of $275 per hour for non-contingent fee cases.  Attorney Pfeiffer represents to the court that should this request be approved, he will return to Mr. Springer the already received, lesser EAJA fee of $5,321.40, so that he will not be "double -dipping" and the total amount Attorney Pfeiffer will receive in attorney fees will be $9,682.00, not $9.682.00 *plus* $5,321.40.  Gisbrecht, 535 U.S. at 796 (explaining that when the appellate attorney recovers fees under both statutory schemes, he or she must "refund" the smaller fee to the claimant).  The total amount Mr. Pfeiffer will receive, therefore, will be within the 25% statutory cap contained within 42 U.S.C. § 406(b), as 9,682.00/62,728.00 = 15.4 percent.  The task for this court is to decide whether this requested amount is "reasonable" pursuant to 42 U.S.C. § 406(b).

Under Gisbrecht, the court first looks to the contingent fee agreement to determine whether it is within the 25% boundary.  Gisbrecht 535 U.S. at 808.  As explained above, it is.  The court also examines the character of representation and the results received.  Id.  Here, Attorney Pfeiffer represented Mr. Springer for approximately eight months during the pendency of the federal appeal from the administrative proceedings.  See Docket 28-1.  Attorney Pfeiffer was not responsible for any delay during the pendency of the federal

proceedings and, in fact, this court's review of the federal docket sheet reveals Attorney Pfeiffer usually submitted documents in advance of the dates specified in the court's scheduling order.

Another factor to consider is whether a windfall to the attorney would occur, such as when the amount of past-due benefits is large compared to the amount of time the attorney spent working on the case. Gisbrecht, 535 U.S. at 808. Here, the amount of past-due benefits ($62,728.00) is not insignificant, but neither is the amount of time Attorney Pfeiffer spent working Mr. Springer's case (27.15 hours). Additionally, it is notable that, in compliance with his fee agreement, Attorney Pfeiffer is not requesting the entire 25% contingent fee out of the $62,728.00 amount. This allows for the administrative attorney's fees to also be taken from the amount which has been withheld from Mr. Springer's past-due benefits . The court finds Attorney Pfeiffer will incur no windfall.

Another factor this court may examine is a comparison between the lawyer's regular, non-contingent hourly rate and the effective hourly rate requested within the contingent fee motion. Gisbrecht, 535 U.S. at 808. As explained above, the effective fee Attorney Pfeiffer will receive should this motion be granted is $356 per hour, which is approximately 1.29 times his usual, non-contingent fee hourly rate of $275 per hour. "[I]t is recognized that an increase in the hourly rate is appropriate where due to the contingency there is a risk of receiving no payment at all." Warden v. Astrue, No. 09-3198-CV-S-SWH, 2012 WL 930799, at *1 (W.D. Mo. Mar. 19, 2012). In Warden, the court cited several courts within the Western District of Missouri wherein

attorney fees at 2.8 times the attorney's non-contingent fee rate were approved as "reasonable" pursuant to 42 U.S.C. § 406(b).  Id. (citing cases).  In Warden, the claimant's attorney originally received an EAJA fee of $158.33 per hour but was awarded a contingency fee hourly rate under § 406(b) of $443.32 per hour, which the court found was reasonable.  Id. at *2.  Attorney Pfeiffer's request of $356 per hour is comparable to the hourly fee which has been awarded in recent Social Security cases by midwestern district courts.  See, e.g., Casas v. Astrue, No. 4:09CV3244, 2012 WL 5399646, at *3 (D. Neb. Nov. 5, 2012) (hourly rate of approximately $472 per hour approved); Finney v. Astrue, Civil No. 4:08-cv-04086, 2011 WL 96683, at *1 (W.D. Ark. Jan. 11, 2011) (hourly rate of approximately $354.64 approved).  Though not a recent case, in Goff v. Sullivan, 739 F. Supp. 494, 499 (D.S.D. 1990), the court approved an hourly rate of $200, which was twice the lawyer's non-contingent fee hourly rate.  Id.

Given the circumstances presented in this case, the court finds the fee sought by Attorney Pfeiffer is reasonable for the services rendered pursuant to 42 U.S.C. § 406(b).

## CONCLUSION

Based on the foregoing law, facts and analysis, it is hereby

ORDERED that Attorney Pfeiffer's motion for award of attorney's fees [Docket Nos. 26 & 28] in the amount of $9,682.00 is GRANTED.  It is further

ORDERED that, upon receipt of said payment, Attorney Pfeiffer shall

return the previously granted EAJA fee award in the amount of $5,321.40 to Mr. Springer.

DATED this 15th day of December, 2020.

BY THE COURT:

_____
VERONICA L. DUFFY
United States Magistrate Judge